**Rickey Bernard ROBERTS,**
**Petitioner–Appellant,**

v.

**J. Joseph CURRAN, Jr., Attorney General, State of Maryland,**
**Respondent–Appellee,**

and

**Harry K. Singletary, Secretary, Florida Department of Corrections,**
**Respondent.**

**No. 02–7413.**

United States Court of Appeals, Fourth Circuit.

Submitted April 24, 2003.

Decided May 15, 2003.

Martin J. McClain, Office of the Capital Collateral Regional Counsel, Ft. Lauderdale, Florida; H. Mark Stichel, Benjamin D. Hinceman, Gohn, Hankey & Stichel, L.L.P., Baltimore, Maryland, for Appellant. J. Joseph Curran, Jr., Attorney General of Maryland, Ann N. Bosse, Assistant Attorney General, Baltimore, Maryland, for Appellee.

Before WILLIAMS and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished PER CURIAM opinion.

PER CURIAM.

Rickey Bernard Roberts appeals the district court's order denying relief on his petition filed under 28 U.S.C. § 2254 (1994) (current version at 28 U.S.C. § 2254 (2000)).* We have reviewed the record and find no reversible error. Accordingly, we affirm on the reasoning of the district court. *See Roberts v. Curran*, No. CA–96–478–AMD (D.Md. Aug. 21, 2002); *see also Lindh v. Murphy*, 521 U.S. 320, 336–37, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*

---

* The district court granted Roberts' motion for a certificate of appealability on September 21, 2002. *See* 28 U.S.C. § 2253(c) (requiring certificate as prerequisite to appeal from denial of writ). We need not decide whether Roberts properly should have requested a certificate of probable cause to appeal because the standard for both are the same. *See Slack v. McDaniel*, 529 U.S. 473, 483, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) ("Except for substituting the word 'constitutional' for the word 'federal,' § 2253 is a codification of the [certificate of probable cause] standard.").